## Montgomery County Poor Directors v. Boorse et al.

*Poor law — Husband and wife — Support of wife in State institution—*
*Insane poor—Act of April 6, 1905—Jurisdiction, Q. S.*

1. A husband is liable for the past maintenance of his wife in a State asylum for the insane.

2. Under the Act of April 6, 1905, P. L. 112, the Court of Quarter Sessions has jurisdiction to make an order on a husband to pay for the past maintenance of his insane wife in a State institution.

3. The court will not make such an order if it appears that the husband has no real estate, owns only a little furniture and a team of horses, is heavily in debt, and earns scarcely enough to support himself and his minor children.

4. If, in such a case, it appears that the husband has entered a bond for the maintenance of his wife, the remedy on the bond should first be exhausted.

Petition for order on husband and son by the Poor Directors of Montgomery County Poor District. Q. S. Montgomery Co.

*F. Kenneth Moore*, for petitioners.

*William F. Dannehower, Jr.,* for Christian and Herbert Boorse.

KNIGHT, J., Oct. 13, 1927.—The Montgomery County Poor District presented its petition, from which is gathered the following facts:

Sara Ellen Boorse was admitted to the State Hospital for the Insane at Norristown on Aug. 1, 1921, where she still remains a patient. During her stay in that institution one-half the cost of her maintenance has been charged to the Directors of the Poor of Montgomery County, who, up to June 1, 1927, had expended for her keep, care and treatment the sum of $896.16.

Sara Ellen Boorse has a husband living, Christian Boorse, and an adult son, Herbert Boorse, and the petition prays for an order on them to pay the poor district the amount due for past maintenance as well as a continuing order for her future maintenance in the State institution.

The answer of the defendant admits the above stated facts, but denies the authority of the court to make an order on the defendants for the amount due for past maintenance.

On Sept. 2, 1927, a hearing was held and the matter of the future maintenance of the said Sara Ellen Boorse was disposed of by making an order of $3 per week, equally divided, upon Christian Boorse, the husband, and Herbert Boorse, the adult son. So far as the past maintenance was concerned, the case was placed upon the September argument list, when it was fully argued upon petition and answer and is now before us for decision.

At the argument, it was conceded by counsel for the poor district that no order can be made, at least upon the present record, on Herbert Boorse, the now adult son, for the past maintenance of his mother, the said Sara Ellen Boorse.

The solution of the problem before us lies in the answer to two questions: Is the husband liable for the past maintenance of his wife in the State institution? If so, is the Quarter Sessions the proper tribunal to enforce this liability?

The answer to the first question is rather simple. The duty of a husband to provide for his wife is fundamental; her function has ever been motherhood and reproduction, while his has been the protection and maintenance of his mate. Had this faithful but unfortunate wife, with the consent and approval of her husband, boarded with strangers for the last two years, no one would question the husband's liability to pay the bill. Why, then, should he not pay for her maintenance in the State institution, especially when, by reason of her unfortunate mental condition, he himself very properly sought

her admission there.   Had she been treated as a patient in a private institution, his obligation to pay for this "necessary" would have been considered too well settled to admit of argument, and the fact that she has been treated in a public instead of a private institution in no way affects his obligation to pay for this treatment.

If any doubt remains, it is instantly dispelled by the fact that Christian Boorse, when he placed his wife in the State hospital, gave a bond conditioned for the payment of this very maintenance which the poor district now seeks to collect.   This fact was unknown to counsel for the poor district when he presented the present petition.

The second question is not so easy.   At first blush, we were inclined to think that a suit in the Common Pleas was the proper method of collecting the bill for past support.   After hearing the argument, reading the brief of counsel for the poor district, examining the decided cases and reflecting upon the matter, we have reached a different conclusion.

Counsel for the poor district relies upon the case of Wertz v. Blair County, 66 Pa. 18, as conclusive of his position that the Quarter Sessions has jurisidiction to make orders for past maintenance.   An examination of the case shows that only by analogy can it be applied to the present state of facts. Wertz v. Blair County was a case involving an order on a father for the support of his son, and the court based its decision on the Act of April 15, 1857, P. L. 191, which gave power to the Quarter Sessions to make orders and decrees in all cases arising under the 28th section of the Act of June 13, 1836, P. L. 541, either with or without an order of relief having been first obtained.   When an examination of section 28 of the Act of 1836 is made, it will be seen at once that it does not cover the relationship of husband and wife.

The Act of April 6, 1905, P. L. 112, provides, however, that "the husband . . . of every poor person shall at their own charge, being of sufficient ability, relieve and maintain such poor person at such rate as the Court of Quarter Sessions of the Peace where such poor person resides shall order and direct."

We are of the opinion that this act rests in the Quarter Sessions jurisdiction, and in exercise of this jurisdiction the court is not confined to the future support of such persons, but, especially in the case of a wife, can make equitable orders involving the payment of back support as the ability of the husband to pay shall warrant.

The theory of our poor law is that the directors or overseers of the poor shall maintain indigent persons and look to the relatives liable under the Act of 1905 for reimbursement.   This liability may be enforced by petitions in the Quarter Sessions, and in the very nature of things involves past maintenance, because the purpose of the proceeding is to recover moneys already expended by the directors of the poor.   The amount sought to be recovered does not affect the right of recovery.

Having determined that the defendant is liable for past support of his wife and that the Quarter Sessions has jurisdiction to enforce this liability, let us examine the case on its merits, especially as to the defendant's ability to pay the amount due.

He owns no real estate and the only personal property that he possesses is a little furniture and a team of horses with which he makes his living.   He is heavily in debt at the present time and his earning capacity is barely sufficient to pay his share of the current charges for maintenance of his wife at the State hospital and support his minor children.   An order against him, if it had any effect at all, would only deprive him of his team of horses and

cut off his means of livelihood. Nothing can be gained by pauperizing one citizen in order to support another indigent citizen.

There is another reason for refusing to make an order on the defendant for this past support. The directors of the poor hold the defendant's bond in the sum of $200, conditional for the payment of a part of the money they are now seeking to collect. We do not mean to suggest that it would be advisable to sue out this bond at the present time, but if conditions should change, they might realize on this security they now hold. At all events, we feel that they should exhaust their remedy on the bond before they seek a decree for past maintenance now due.

And now, Oct. 13, 1927, the rule on the defendants, so far as it applied to the sum of $896.16 due for maintenance of Sara Ellen Boorse to June 1, 1927, is discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.